IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CORY COTTINGHAM                      :          CIVIL ACTION
                                           :          No. 14-2793
                 v.                    :
                                           :
TUTOR PERINI BUILDING CORP.        :

O'NEILL, J.                                                      October 19, 2015

## MEMORANDUM

Now before me is plaintiff Cory Cottingham's motion for leave to file an amended complaint and to remand the instant matter to the Court of Common Pleas for Philadelphia County (Dkt. No. 14), plaintiff's supplemental memorandum of law (Dkt. No. 17), the opposition of defendant Tutor Perini Building Corporation (or TPBC) (Dkt. No. 18), plaintiff's reply (Dkt. No. 19) and defendant's surreply (Dkt. No. 20).  For the reasons that follow I will grant plaintiff's motion to the extent that he seeks leave to amend his complaint to add Keating Building Corporation as a defendant to this action, but will deny his motion to the extent that he seeks remand to the Court of Common Pleas for Philadelphia County.

## BACKGROUND

This is a personal injury action arising out of injuries plaintiff sustained in a July 10, 2013 construction site accident in Philadelphia, Pennsylvania.  See Dkt. No. 14 at ECF p. 5.  Keating was previously named as a defendant when plaintiff commenced this action in the Court of Common Pleas for Philadelphia County on December 17, 2013.  Id.  Plaintiff  served Keating with his complaint within three days of its filing.  Id.

Plaintiff contends that, "after discussions with" counsel for Keating at the time "and based on representations from [Keating's counsel], Plaintiff's counsel executed a stipulation to file an amended complaint substituting Tu[t]or Perini Building Corp. for Keating."  Id.  Tutor

Perini "removed the action to this Court on or about May 14, 2014 based on diversity of citizenship."  Id.

Plaintiff now contends that "[i]n stark contrast to what Plaintiff was led to believe by prior defense counsel shortly after the commencement of the action, the discovery developed thus far tends to indicate that Keating was in fact involved in the management of the subject construction project and specifically with monitoring site safety."  Id. at ECF p. 7.  Plaintiff maintains that "the evidence of record clearly indicates that both Keating and Tutor Perini are proper defendants in this case, as both entities monitored and controlled the subject construction project for safety."  Dkt. No. 17 at ECF p. 1 (emphasis omitted).  Plaintiff asserts that Keating "was employing and paying those working in supervisory and safety positions on the construction site where Mr. Cottingham was injured . . . ."  Id. at ECF p. 2.

Specifically, plaintiff notes that "Keating was employing both" Jack Cooney, General Superintendent, and John Schellenberg, Safety Director, "when they held supervisory positions on the subject construction project."  Dkt. No. 19 at ECF p. 5.  Michael Hart, the Safety Coordinator for the construction project reported to Schellenberg "on safety issues – and in connection with Mr. Cottingham's accident in particular."  Dkt. No. 17 at ECF p. 3.  Cooney "spent about 50% of his time walking" the relevant construction site, with job duties including "inspecting subcontractors' work for safety issues and proactively looking out for safety hazards and unsafe work practices while walking construction sites."  Id.  In support of his motion seeking "to reinstate his claims against Keating . . . ," id. at ECF p. 2, plaintiff also cites testimony that Hart wore a "Keating" labeled green sweatshirt and that the on-site office from which Hart worked was referred to as "Keating's office" or "the Keating office."  Dkt. No. 14 at ECF p. 7.

Defendant contends that "the operative contractual documents for the project make clear that TPBC – and not Keating Corp. – was the construction manager and that Keating Corp. had no independent role on the Project."  Dkt. No. 18 at ECF p. 6.  Specifically, defendant cites the October 22, 2012 Construction Management Services Agreement for the project which was executed between the property owner and Tutor Perini and which designated Tutor Perini as the project's construction manager.  Id.  Defendant also cites the subcontract agreements for the project which are between Tutor Perini as "Contractor" and plaintiff's employer as "Subcontractor."  Id.  Defendant notes that Tutor Perini provided the safety orientation for the project and that the environmental health and safety plan for the project is a Tutor Perini document.  Id.  Finally, defendant notes that the Electronic Incident Notification and Accident Investigation Report related to plaintiff's accident is on Tutor Perini letterhead, identifies "TPBC" as the relevant business unit and notes that the project is a "Tutor Perini Job Site."  Id.

Plaintiff's proposed second amended complaint alleges that plaintiff "resides at 54 Bosworth Lane, Willingboro, New Jersey 08046," Dkt. No. 15-8 at ¶ 1.  It alleges that both Tutor Perini and Keating were "the construction manager" on the construction project.  Id. at ¶¶ 3, 5.  It alleges that Keating "is a Pennsylvania corporation" which "maintains its principal place of business at 1601 Arch Street, Suite 300, Philadelphia, Pennsylvania."  Id. at ¶ 4.  Plaintiff's proposed second amended complaint also alleges that Tutor Perini "is a corporation operating and/or existing under the laws of the Commonwealth of Pennsylvania" and that it "maintains its principal place of business at 1601 Arch Street, Suite 300, Philadelphia, Pennsylvania, 19103."  Id. at ¶ 2.  In its notice of removal, however, Tutor Perini asserted that "Plaintiff incorrectly identified Tutor Perini as a corporation operating and/or existing under the laws of the Commonwealth of Pennsylvania with a principal place of business in Pennsylvania"

and that it "is a corporation organized under the laws of Arizona with its principal place of

business in Phoenix, Arizona" making Tutor Perini "a citizen of Arizona for purposes of

diversity jurisdiction."  Dkt. No. 1 at ECF p. 6, ¶¶ 5-6.

## DISCUSSION

### I.    Leave to Amend

Plaintiff seeks to amend his complaint to add Keating as a defendant pursuant to Rule 15

of the Federal Rules of Civil Procedure. [1]  When, as here, a plaintiff moves to amend the

complaint to add a new party to a lawsuit after the statute of limitations has expired on his

claims, amendment is permissible only if the relation back doctrine of Rule 15 is satisfied.  "If

the amendment relates back to the date of the filing of the original complaint, the amended

complaint is treated, for statute of limitations purposes, as if it had been filed at that time."

Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003).  "Relation back is structured 'to

balance the interests of the defendant protected by the statute of limitations with the preference

---

[1]         Defendant argues that "plaintiff cannot bring litigation against" Keating because
Keating Building Corporation was "a fictitious name owned by Daniel J. Keating Construction
Company" and Daniel J. Keating Construction Company "was dissolved on December 24,
2009."  Dkt. No. 18 at ECF p. 12-13.  More precisely, on December 24, 2009, the Daniel J.
Keating Construction Company, a Pennsylvania company dissolved "by domestication,"
pursuant to 15 Pa. C.S. § 1980, Dkt. No. 18-7 at ECF p. 6, formed as a Delaware limited liability
company, id. at ECF p. 5, and "chang[ed] its name from "Daniel J. Keating Construction
Company to "Daniel J. Keating Construction Company, LLC."  Dkt. No. 18-7 at ECF p. 2.  "In
February 2010, the fictitious name [Keating Building Corporation] was changed to Keating
Building Company and the owner of the name changed to the newly formed LLC."  Dkt. No. 18
at ECF p. 5, citing Dkt. No. 18-8.  Defendant contends that "Keating Building Company operates
as a wholly-owned subsidiary of Tutor Perini Corporation," defendant's parent company.  Dkt.
No. 18 at ECF p. 6.
        Plaintiff argues that Keating's 2010 name change to Keating Building Company does not
defeat his motion for leave to amend because it was "an inconsequential name change . . . not
accompanied by any perceptible changes in the operation of the entity."  Dkt. No. 19 at ECF p. 3.
        I need not here decide whether the changes to Keating's name and corporate structure bar
plaintiff's claim against Keating, but rather only whether plaintiff may properly add Keating as a
defendant under the requirements of Rule 15.  I find that he can.

expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for

resolving disputes on their merits.'" Glover v. Fed. Deposit Ins. Corp., 698 F.3d 139, 145 (3d

Cir. 2012), quoting Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 550 (2010).

> An amendment to a pleading relates back when: (1) the claim or
> defense set forth in the amended pleading arose out of the conduct,
> transaction, or occurrence set forth in the original pleading; (2)
> within the time period provided by Rule 4(m) for serving the
> summons and complaint, the party sought to be added received
> such notice of the action that it would not be prejudiced in
> maintaining a defense; and (3) the party sought to be added knew
> or should have known that, but for a mistake concerning his or her
> identity, he or she would have been made a party to the action.

Isenhour v. R.M.L., Inc., No. 14- 1170, 2015 WL 1470679, at *4 (M.D. Pa. Mar. 31, 2015),

citing Fed. R. Civ. P. 15(c)(1)(C); Garvin, 354 F.3d at 222.

Plaintiff argues that Keating was only dismissed as a defendant because "Keating led

Plaintiff to believe that it had no involvement with the construction site where Mr. Cottingham

was injured." Dkt. No. 14 at ECF p. 8 (emphasis omitted).  He maintains that relation back is

appropriate because "the claims against Keating arise from the accident that is the subject of the

initial complaint" and that "Keating had the requisite notice required by Rule 15" since "Keating

was initially named as a defendant and was served with the complaint within three days of its

filing."  Dkt. No. 14 at ECF p. 8.  I agree that plaintiff meets the requirements of Rule

15(c)(1)(C).

Because plaintiff's request meets the requirements of the relation back doctrine, whether

or not to grant or deny leave to amend is a matter for my discretion.  Foman v. Davis, 371 U.S.

178, 182 (1962) ("the grant or denial of an opportunity to amend is within the discretion of the

District Court").  Rule 15(a) mandates that leave to amend "shall be freely given when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied where there is "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman, 371 U.S. at 182.  In the context of Rule 15(a), prejudice means "undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party." Winer Family Trust v. Queen, No. 03-4318, 2005 WL 102936, at *3 (E.D. Pa. Jan. 13, 2005), aff'd, 503 F.3d 319 (3d Cir. 2007) (citations omitted).  "Complication of the issues alone does not justify denying plaintiff['s] motion for leave to amend." Biskas v. Clyde Seaways, S.A., No. 90-2316, 1991 WL 59950, at *1 (E.D. Pa. Apr. 10, 1991). Likewise, "[d]elay alone is an insufficient ground to deny leave to amend." Id., citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984).  "Whether delay is undue depends on the facts and circumstances of the case." Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc., No. 05-0033, 2006 WL 1289545, at *4 (M.D. Pa. May 9, 2006).  "The obligation of the district court in its disposition of the motion is to articulate the imposition or prejudice caused by the delay, and to balance those concerns against the reasons for delay." Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir. 1988).  "At some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams, 739 F.2d at 868.

Defendant argues that plaintiff's motion should be denied because "adding Keating Corp. . . . at this late stage will prejudice" Tutor Perini. Dkt. No. 18 at ECF p. 15.  Defendant contends that the case has been pending "for well over a year, and the parties have engaged in extensive discovery" which is now closed. Id.  Plaintiff counters that "the claims against Keating arise from the accident that is the subject of the initial complaint." Dkt. No. 14 at ECF p. 8.  He argues that "[o]nce depositions began and it became clear that Plaintiff" had valid claims against

Keating, "Plaintiff made a timely filing with this Court on the midst of those depositions . . . ."
Dkt. No. 17 at ECF p. 6.

On the record before me, I do not find that plaintiff's delay in filing the instant motion
was undue. While plaintiff might have sooner reasserted his claim against Keating, given the
reasons he sets forth for the delay, I do not find that any delay places an unwarranted burden on
the Court. Nor do I find that defendant has met its burden to establish that it will be unfairly
prejudiced by the addition of Keating as a defendant. Plaintiff's claims against Keating arise out
of the same occurrence as plaintiff's claims against Tutor Perini and do not rest on a separate
theory of liability. See Synthes, 281 F.R.D. at 228 ("Ultimately, the non-moving party bears the
burden of demonstrating prejudice."). Summary judgment motions have not yet been filed and
the discovery deadlines in this matter will be amended to allow the parties to have sufficient time
to complete any relevant discovery. Accordingly, I will grant plaintiff's motion to the extent that
he seeks leave to amend his complaint to add Keating Building Corporation as a defendant.

## II.     Remand

Plaintiff seeks remand pursuant to 28 U.S.C. § 1447(e), Dkt. No. 14 at ECF p. 9, which
provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder
would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and
remand the action to the State court." 28 U.S.C. § 1447(e). However, subject matter jurisdiction
will not be destroyed with Keating's joinder.

When this action was commenced, it was not removable pursuant to the forum defendant
rule. Under the forum defendant rule, "removal is improper if the defendant is a citizen of the
state in which the suit is originally filed." Copley v. Wyeth, Inc., No. 09-722, 2009 WL
1089663, at *1 (E.D. Pa. Apr. 22, 2009) (citations omitted); see 28 U.S.C. § 1441(b)(2) ("A civil

action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  Plaintiff is a resident of New Jersey and Keating is a citizen of Pennsylvania.[2]  But when Tutor Perini, a citizen of Arizona, was substituted for Keating, the forum defendant rule no longer barred removal.  In his motion, plaintiff now contends that, if Keating is added as a defendant, remand will be required because the Court will no longer have diversity jurisdiction.  Dkt. No. 14 at ECF p. 7.  I disagree.

It makes no difference that Keating was previously a defendant served with plaintiff's complaint.  Nor does it make a difference that "[a]dding Keating at this time would bring back into the case a party that," by plaintiff's characterization, "but for its own duplicitous conduct, would have remained a defendant all along."[3]  Dkt. No. 19 at ECF p. 7-15.  At the time of removal, there was no forum defendant.[4]  "Courts generally determine whether they may exercise removal jurisdiction by examining the pleadings on the state court docket at the time of removal."  Jackson v. Prime Motors, Inc., No. 11-2360, 2011 WL 1883806, at *2 (E.D. Pa. May 18, 2011).  "Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed.  When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand."

---

[2]        Defendant argues that "[i]f Plaintiff truly believed that Keating had some role in the Project, he would have sought leave to add the Keating entity in existence during the Project. Instead, Plaintiff chose to name Keating [Building Corporation], presumably because Keating [Building Corporation] was a citizen of Pennsylvania.  Keating Building Company, on the other hand, did not destroy diversity  . . . ."  Dkt. No. 17 at ECF p. 19.

[3]        Defendant likewise accuses plaintiff of "procedural gamesmanship," asserting that "Plaintiff's Motion is . . . aimed squarely at avoiding having [this Court] decide this case, so that Plaintiff can proceed in the perceived more favorable forum of the Philadelphia County Court of Common Pleas."  Dkt. No. 20 at ECF p. 2.

[4]        At the time of removal plaintiff did not dispute Tutor Perini's assertion that it is a citizen of Arizona even though in his proposed second amended complaint he asserts that Tutor Perini maintains its principal place of business in Pennsylvania.

Spencer v. U.S. Dist. Ct. for the N. Dist. of Ca., 393 F.3d 867, 871 (9th Cir. 2004); see also

Purple Passion, Inc. v. RCN Television Servs., Inc., 406 F. Supp. 2d 245, 246 (S.D.N.Y. 2005)

(finding that 28 U.S.C. § 1447(c) does not permit a case to be remanded based on a post-removal

amendment of the complaint to reduce the amount of damages sought below the threshold

required for diversity jurisdiction).  But see Villano ex rel. Villano v. Kohl's Dep't Stores, Inc.,

362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005) ("Congress mandated that the district court remand

the action if at any time before final judgment the basis for federal jurisdiction ceases to exist,

irrespective of whether removal was proper at the time it was made.").  "[A]n irregularity in

removal of a case to federal court is to be considered "jurisdictional" only if the case could not

initially have been filed in federal court."  Korea Exch. Bank, N.Y. Branch v. Trackwise Sales

Corp., 66 F.3d 46, 50 (3d Cir. 1995).  That is not the case here.

      The Court of Appeals for the Ninth Circuit considered similar factual circumstances in

Spencer, explaining that the plaintiffs "learned that possible negligence by PG & E may have

caused or contributed to" the accident which was the subject of the action and the plaintiffs "then

moved to amend their complaint to name PG & E as a defendant in the place of one of the Doe

defendants."  393 F.3d at 868.  The plaintiffs also "moved to remand the action to state court,

arguing that remand would be required due to the joinder of PG & E . . . because PG & E" was a

forum defendant and its joinder "would destroy federal removal jurisdiction and require remand

under 28 U.S.C. § 1447(c)."  Id.  The Ninth Circuit upheld the District Court's determination that

remand was not warranted, explaining that

> the post-removal joinder of PG & E, a "forum defendant," did not
> oust the district court of subject-matter jurisdiction.  The forum
> defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time
> a notice of removal is filed.  Because no local defendant was a
> party to the action at that time, and given the preservation of
> complete diversity of the parties thereafter, the district court did

not err in denying the Spencers' motion to remand.

Id. at 871; see also Devore v. Transp. Tech. Corp., 914 F. Supp. 355, 356 (holding that "§ 1441(b) should be interpreted to apply only before removal" and that it does not "work[ ] retroactively after removal") (W.D. Mo. 1996); c.f., Copley v. Wyeth, Inc., No. 09-722, 2009 WL 1089663, at *1 (E.D. Pa. Apr. 22, 2009) (denying remand based on the forum defendant rule where "a non-forum defendant[ ] removed the case to federal court" before the forum defendant had "been properly joined and served" because, "looking only at the state of the operative facts as of the time of removal, jurisdiction for [the] Court [then] existed").  Here, as in Spencer, diversity jurisdiction will not be destroyed if Keating is now added as a forum defendant who is diverse from both plaintiff and from Tutor Perini.  Accordingly, I will deny plaintiff's motion to the extent that it seeks remand.

An appropriate Order follows.