IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
JAN 05 2016
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

CORY COTTINGHAM : CIVIL ACTION
: No. 14-2793
v. :
:
TUTOR PERINI BUILDING CORP., et al. :

O'NEILL, J.                                  January 6, 2016

## MEMORANDUM

In this action plaintiff Cory Cottingham[1] asserts claims related to injuries he sustained in a July 10, 2013 construction site accident in Philadelphia, Pennsylvania. See Dkt. No. 14 at ECF p. 5. Plaintiff originally filed a complaint asserting claims related to the July 10, 2013 accident on December 17, 2013 in the Court of Common Pleas for Philadelphia County. See Dkt. No. 15-1 at ECF p. 2. Defendant Tutor Perini Building Corp.[2] removed this case from the Philadelphia Court of Common Pleas on May 14, 2014. Dkt. No. 1. Defendants contend that since Tutor Perini removed this action to this Court, "the parties have taken eight depositions," Tutor Perini "has answered and served multiple rounds of written discovery, TPBC has produced over 23,300 pages of documents in response to Plaintiff's document requests, and has reviewed and analyzed more than 500 pages of documents produced by Plaintiff." Dkt. No. 31 at ECF p. 3. On December 4, 2014, the Court granted Tutor Perini Building Corp.'s motion to compel the production of responses to interrogatories and requests for production of documents from plaintiff. See Dkt. Nos. 10, 11. In accordance with this Court's Order of November 9, 2015, the discovery deadline in this case is presently set for February 9, 2016. Dkt. No. 28. Dispositive

---

[1] Plaintiff does not dispute that he is a citizen of New Jersey. See Dkt. No. 1 at ECF p. 6.
[2] Tutor Perini is a corporation organized under the laws of Arizona with its principal place of business in Phoenix, Arizona. Dkt. No. 1 at ECF p. 6.

motions are due on April 11, 2016. Id.

On July 10, 2015, in a second action, plaintiff filed a writ of summons in the Court of Common Pleas naming as defendants Tutor Perini Building Corp., Keating Corp., Keating Building Company and Creek Equipment, LLC. Dkt. No. 29-1 at ECF p. 33. The action captioned Cottingham v. Creek Equipment, LLC, et al., is currently pending in the Court of Common Pleas for Philadelphia County, Trial Division – Civil, July Term 2015, No. 01038. Defendants contend that plaintiff served defendants with the writ of summons in the Common Pleas action in mid-August 2015. Dkt. No. 32-1 at ECF p. 3.

On October 19, 2015, the Court granted plaintiff leave to add Keating Corp.[3] as an additional defendant in this action along with defendant Tutor Perini Building Corp. See Dkt. No. 21. At the same time, I denied plaintiff's request to remand this matter to the Court of Common Pleas for Philadelphia County, finding that the addition of Keating as a forum defendant who is diverse from both plaintiff and from Tutor Perini would not destroy diversity jurisdiction.[4] See Dkt. No. 21 at ECF p. 10. Thereafter, on November 12, 2015, plaintiff filed a motion seeking to voluntarily dismiss his complaint in this action pursuant to Rule 41(a)(2) of

---

[3]  As I have previously explained, on December 24, 2009, the Daniel J. Keating Construction Company, a Pennsylvania company dissolved "by domestication," pursuant to 15 Pa. C.S. § 1980, Dkt. No. 18-7 at ECF p. 6, formed as a Delaware limited liability company, id. at ECF p. 5, and "chang[ed] its name from "Daniel J. Keating Construction Company to "Daniel J. Keating Construction Company, LLC." Dkt. No. 18-7 at ECF p. 2. "In February 2010, the fictitious name [Keating Building Corporation] was changed to Keating Building Company and the owner of the name changed to the newly formed LLC." Dkt. No. 18 at ECF p. 5, citing Dkt. No. 18-8. Defendants contend that Keating Building Company is 100% owned by Daniel J. Keating Construction Company, LLC, a Delaware limited liability company and that Keating Construction Company, LLC, has two members, Robert Band and Ronald N. Tutor. Dkt. No. 18 at ECF p. 5-6. Defendants assert that the members of the LLC "are citizens of Massachusetts and California."[3] Dkt. No. 31 at ECF p. 2.

[4]  Contrary to plaintiff's contention, I have yet to render any decision as to whether "plaintiff has a cognizable right to recovery against Keating," Dkt. No. 34 at ECF p. 9, nor have I "ruled that Plaintiff's claims against Keating are meritorious . . . ." Dkt. No. 36 at ECF p. 9.

the Federal Rules of Civil Procedure (Dkt. No. 29). That motion is now pending before me.

Prior to filing his motion seeking voluntary dismissal of this action, plaintiff filed a discontinuance of his claims in the state court action against Creek Equipment, LLC. See Dkt. No. 29 at ECF p. 6. Plaintiff acknowledges that the parties remaining in the state action are the same as the parties in this action. See Dkt. No. 29 at ECF p. 9. An initial case management conference was held in the state case on November 18, 2015. Dkt. No. 31 at ECF p. 5. The Court of Common Pleas has established an October 3, 2016 discovery deadline and a February 6, 2017 trial date for the state court action. See Dkt. No. 31-4.

Also now pending before me are two motions by defendants: (1) a motion for sanctions (Dkt. No. 33); and (2) a motion seeking a preliminary injunction (Dkt. No. 32) barring plaintiff from further proceeding in the state court action and from filing any additional cases against Defendants based on the facts that are the subject of the case pending before this Court. For the reasons that follow, I will deny plaintiff's motion seeking voluntary dismissal, grant defendants' motion seeking a preliminary injunction and deny defendants' request for sanctions.

## DISCUSSION

### I. Voluntary Dismissal

On plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure he characterizes the question before me as whether he should

> be allowed to dismiss this action voluntarily, without prejudice,
> and without the payment of costs and fees to Defendant [sic] in
> order to pursue a separate and non-removable action in state court
> arising from the same accident and injuries, against the same
> parties and attorneys, governed by the same substantive law, and in
> which all of the discovery developed thus far in this action would
> be transferable[.]

Dkt. No. 29 at ECF p. 9. Defendants respond by arguing that "Plaintiff unabashedly seeks to accomplish through the 'back door' what he failed to accomplish through the Motion to Remand – namely escaping [this] Court in favor of what Plaintiff clearly presumes to be the more friendly forum of the [Philadelphia Court of Common Pleas]." Dkt. No. 31 at ECF p. 2. In his reply, plaintiff, in essence, agrees with defendants, arguing that the purpose of his "motion is to restore plaintiff's choice of forum," Dkt. No. 34 at ECF p. 7, although in his motion he contends that he "did not file his motion to avoid federal jurisdiction." Dkt. No. 29 at ECF p. 18. Defendants assert that "if the Court permits Plaintiff to voluntarily dismiss this case and proceed in the [Philadelphia Court of Common Pleas], the [Common Pleas] Action will still be removable, as complete diversity still exists, and thus, the parties will ultimately be before this Court again." Dkt. No. 38 at ECF p. 4. Plaintiff does not directly respond to this argument.

"A voluntary dismissal without prejudice is not a matter of right." Connor v. Corporate Life Consultants, No. 06–2831, 2006 WL 2828865, at *1 (E.D. Pa. Sept.29, 2006). Voluntary dismissal is "an increasingly burdensome matter to one's opponent" after an answer is filed and case preparation progresses. Ockert v. Union Barge Line Corp., 190 F.2d 303, 304 (3d Cir. 1951). Accordingly, the Federal Rules of Civil Procedure provide that after an answer or motion for summary judgment is filed in a case, and absent the agreement of all parties, a party who seeks dismissal of the case without prejudice must obtain an order from the district court. See Fed. R. Civ. P. 41(a)(2). Ordinarily, "Rule 41 motions should be allowed unless defendant[s] will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990) (internal quotations omitted). Ultimately, "[t]he decision whether to grant a motion for voluntary dismissal under Rule 41 is within the district court's sound discretion." In re Diet Drugs

(Phentermine/Fenfluramine/Dexfenfluramine) Products Litig., 85 F. App'x 845, 847 (3d Cir. 2004). The factors which inform my decision are: (1) whether the expense of a second litigation would be excessive and duplicative; (2) the effort and expense defendants have expended in preparing for the current trial; (3) the extent to which the case has progressed; (4) plaintiff's diligence in seeking dismissal; and (5) whether the dismissal is designed to evade federal jurisdiction and frustrate the removal statute's purpose. Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 715-16 (E.D. Pa. 2005).

Weighing these factors, I decline to exercise my discretion to grant plaintiff's request for voluntary dismissal without prejudice. Plaintiff's motion for voluntary dismissal comes nearly two years after plaintiff first filed his original complaint in the Court of Common Pleas, after the parties have engaged in meaningful discovery in this action and after the Court's rulings on Tutor Perini's discovery motion and plaintiff's motion seeking leave to add Keating as a party and his unsuccessful request for remand. Although plaintiff's motion for voluntary dismissal "is legally different from the recent request to remand that this Court denied," Dkt. No. 34 at ECF p. 8, plaintiff ultimately seeks the same result, to return this case to the Court of Common Pleas. Faced with similar circumstances, other courts have declined to exercise their discretion to permit a plaintiff to voluntarily dismiss its claims without prejudice. See Hayden v. Westfield Ins. Co., No. CIV.A. 12-0390, 2013 WL 5781121, at *4 (W.D. Pa. Oct. 25, 2013) (denying the plaintiffs' request for voluntary dismissal as "a backdoor attempt to shop for what they think is a more favorable forum in state court"), aff'd, 586 F. App'x 835 (3d Cir. 2014); Peltz 367 F. Supp. 2d at 716 (declining to permit voluntary dismissal where "plaintiffs . . . are attempting to defeat removal to this court").

Importantly, plaintiff has not provided the Court with a persuasive response to defendants' argument that, because the state court action is removable, "the parties will ultimately be before this Court again" if plaintiff's motion is granted.[5] Despite plaintiff's protestation that "the parties would begin in state court precisely where this action would leave off," Dkt. No. 34 at ECF p. 3, given defendants' indication that they may seek to remove the state court action, it is hard to see how granting plaintiff's request will do anything other than further delay these proceedings and result in in a waste of judicial time and effort. See Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). As the court explained in Myers v. Hertz Penske Truck Leasing, Inc., 572 F. Supp. 500, 503 (N.D. Ga. 1983), "[a]lthough plaintiffs are normally granted this type of motion in the absence of a showing of legal prejudice to the defendant, the policy . . . of protecting the removal jurisdiction of the federal courts from cynical

---

[5] In his response to defendant's motion for a preliminary injunction plaintiff argues that "Defendants would be wasting their own resources and the Court's time by trying to remove the [second] state court action." Dkt. No. 36 at ECF p. 11-12. Plaintiff explains that "Keating is a registered domestic entity that was employing high-level supervisors at the subject construction site" and that it "maintains its principal place of business in Philadelphia, and Tutor Perini acknowledged in its press release that Keating would continue operating in the Philadelphia area." Id. at ECF p. 11. Plaintiff reiterates these arguments in his recently filed supplemental reply in support of his motion seeking voluntary dismissal. See Dkt. No. 41. But plaintiff fails to acknowledge defendants' assertion that Keating Building Company is a fictitious name owned by Daniel J. Keating Construction Company, LLC and that the members of Keating Construction Company, LLC are, by defendants' contention, "citizens of Massachusetts and California." Dkt. No. 31 at ECF p. 2.

Plaintiff's argument is problematic. First, 28 U.S.C. § 1441(b) expressly provides that, for jurisdictional purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." Further, "the citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). If defendants' contention is correct (i.e., that the members of Keating Construction Company, LLC are citizens of Massachusetts and California), an issue which I do not here decide, defendants would not be wasting the Court's time in seeking to remove plaintiff's claims in the second state court action to federal court.

-6-

legal gamesmanship would not be served by granting it." Thus I will deny plaintiff's motion for voluntary dismissal. I decline, however, to award defendants the costs and attorneys' fees incurred in their defense of plaintiff's motion for voluntary dismissal.

## II. Preliminary Injunction

Defendants contend that under the circumstances of this case the pending state court action and any further actions against defendants based on the facts that are the subject of this case may and should be enjoined under the All Writs Act, 28 U.S.C. § 1651(a). Dkt. No. 32-1 at ECF p. 5. Plaintiff counters by arguing that the Anti-Injunction Act, 28 U.S. § 2283, prohibits the Court from granting an injunction to stay a proceeding in state court. Dkt. No. 36 at ECF p. 6. For the reasons that follow, I agree with defendants that an injunction is warranted in this case.

The All Writs Act, 28 U.S.C. § 1651, allows federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Court's power under the All Writs Act is limited, however, "by the Anti–Injunction Act, which prohibits courts from issuing injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" In re Imprelis Herbicide Mktg., Sales Practices & Products Liab. Litig., No. 11-MD-02884, 2015 WL 3796007, at *3 (E.D. Pa. June 18, 2015), quoting, 28 U.S.C. § 2283. "If an injunction falls within one of these three exceptions, the All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings." In re Gen'l Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig., 134 F.3d 133, 143 (3d Cir. 1998). Relevant here, the Court of Appeals has explained that "[c]ourts considering the question have unanimously held that a plaintiff's

-7-

fraudulent attempt to subvert the removal statute implicates the 'expressly authorized' exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction." Davis Int'l, LLC v. New Start Grp. Corp. ("Davis I"), 488 F.3d 597, 605 (3d Cir. 2007) (citing cases); see Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir. 1975) ("where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § 1446(e) in enjoining the proceedings in the state court"); cf. Ackerman v. ExxonMobil Corp., 734 F.3d 237, 252 (4th Cir. 2013) ("Section 1446(d) may serve as the statutory authority for an injunction against a separately filed copycat action.").

Defendants contend that "[b]ecause this case was removed from the [Philadelphia Court of Common Pleas], the situation falls within the 'express authorization' exception to the Anti-Injunction Act . . . ." Dkt. No. 32-1 at ECF p. 5. Plaintiff counters that because he seeks to voluntarily dismiss his federal action, the circumstances now before the Court do not "fit[ ] into one of the extremely narrow exceptions to the Anti-Injunction Act." Dkt. No. 36 at ECF p. 10. However, as is set forth above, I have already held that voluntary dismissal is not warranted in this case. As is set forth below, I find support for defendant's position in the non-precedential, but persuasive opinion of the Court of Appeals for the Third Circuit in Davis International, LLC v. New Start Group Corp. ("Davis II"), 367 F. App'x 334 (3d Cir. 2010).

Prior to the decision in Davis II, the court in Daniel Boone Area Sch. Dist. v. Lehman Bros., 187 F. Supp. 2d 414, 418 (W.D. Pa. 2002), noted an absence of guidance from the Court of Appeals with respect to the question of whether the "expressly authorized" exception to the Anti-Injunction Act would apply where the plaintiffs had "commenced another, duplicative state court action" and it was "this *separate yet virtually identical* state case" that the defendant sought

to enjoin and thus declined to issue an injunction. (Emphasis in original). However, the Court also explained that "the text of [the removal statute] might be interpreted as expressly authorizing a federal court to enjoin the separate state proceeding when the plaintiff has filed the duplicative state action in an attempt to subvert the jurisdiction of the federal court." Id. Specifically, the court noted that

> if a federal court could not enjoin a duplicative state action designed to subvert removal jurisdiction, a plaintiff with sufficient ingenuity could always file a second suit in state court that was specifically crafted to be non-removable and then dismiss his federal action, thereby evading removal. . . . While artful pleading designed to keep a case in state court is initially within the prerogative of the plaintiff, it can subvert the proper jurisdiction of the federal court when it is done following removal. Duplicative filings designed to evade removal amount to inappropriate forum-shopping, which can lead to injustice and confusion.

Id. Cf. Lou v. Belzberg, 834 F.2d 730, 741 (9th Cir. 1987) ("It would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court.").

Thereafter, in Davis II, the plaintiffs filed a complaint in Delaware state court asserting claims under federal and state law. Id. at 336. The defendants removed the case to the District of Delaware. Id. The plaintiffs then amended their complaint to omit their state court claims and refiled their state claims in a new case in Delaware state court. Id. The Court of Appeals found that the District Court had "properly enjoined [the plaintiffs] under the Anti-Injunction Act's expressly authorized exception" where the plaintiffs had "candidly admit[ted] that they re-filed [an action in state court] in the hope of beginning merits discovery which had been stayed in federal courts for four years." Id. at 338 (internal quotation omitted). The Court of Appeals explained that "[t]his is exactly the kind of abusive tactic that courts have condemned as an attempt to subvert the removal statute." Id.

Similarly, in Meyers v. Herz Penske Truck Leasing, Inc., 572 F. Supp. 500, 501 (N.D. Ga. 1983), after the defendant, a Delaware corporation, removed the case from a Georgia state court and after several months of discovery, the plaintiff, an Ohio resident, filed "a virtually identical suit" to the original case in Georgia state court, naming two additional defendants who were residents of Georgia. The second state court case was not removable because of the forum-defendant rule. Id. The defendant sought to enjoin prosecution of the second state court action. Id. The court held "that where . . . the second case is nothing more than a restatement of a properly removed case but includes a new defendant solely for the purpose of defeating removal the federal court is required . . . to issue an injunction." Id. at 503. Cf. Faye v. High's of Baltimore, 541 F. Supp. 2d 752, 760 (D. Md. 2008) (enjoining proceedings in a second-filed suit in state court where "the second-filed suit constituted an attempt to subvert this Court's supplemental jurisdiction and defendant's right to removal").

Here, plaintiff provides no reason for proceeding in the second state court action other than that he intends to "pursue his action against all of the appropriate defendants in his originally chosen singular forum . . . ." Dkt. No. 36 at ECF p. 9. Plaintiff does not set forth any legitimate reason for proceeding with the second action in lieu of this case (e.g., to assert related claims which could not be brought in this action). Under the circumstances, plaintiff's motivation for the second action appears to be nothing more than an attempt to avoid this Court's jurisdiction and I will grant defendants' request for the issuance of an injunction pursuant to the All Writs Act.[6]

---

[6] Some courts have held that "[t]he requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1100 (11th Cir. 2004); cf. Marxe v. Jackson, 833 F.2d 1121, 1128, n.4 (3d Cir. 1987) ("Courts need not find irreparable harm when acting to protect their

**B.     Bond**

Federal Rule of Civil Procedure 65(c) states that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). In other words, Rule 65(c) "mandates that a court when issuing an injunction must require the successful applicant to post adequate security." Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 103 (3d Cir. 1988) Although "the amount of the bond is left to the discretion of the court, the posting requirement is much less discretionary." Id. ("While there are exceptions, the instances in which a bond may not be required are so rare that the requirement is almost mandatory."). Neither defendants nor

---

jurisdiction."). But see California Energy Commission v. Johnson, 767 F.2d 631 (9th Cir. 1985)(finding injunctive relief unavailable under the All Writs Act where there was only a speculative showing of irreparable harm). With respect to the now-pending second state court action, defendants contend that they will be irreparably harmed if plaintiff is not enjoined because they "will be required to file additional papers in the State Case and in this Court . . . ." Dkt. No. 32-1 at ECF p. 8. Plaintiff argues that defendants' claim of harm is not "sufficient grounds for taking the extraordinary step of enjoining Plaintiff's state court case." Dkt. No. 36 at ECF p. 10.
  I find that defendants have sufficiently set forth a case for the issuance of a preliminary injunction barring plaintiffs from further proceeding in the pending state court action based on the facts which are the subject of this case. However, I decline to enjoin plaintiffs from filing any additional state cases against defendants based on the facts that are the subject of this case. As the Court of Appeals has explained, for a preliminary injunction to issue:

> more than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a clear showing of immediate irreparable injury, or a presently existing actual threat; an injunction may not be used simply to eliminate a possibility of a remote future injury . . . .

Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 358 (3d Cir. 1980) (citations and internal quotations omitted). Although defendants argue that "there is no guarantee that Plaintiff will not refile a new state case once the [second] State Case is removed," Dkt. No. 32-1 at ECF p. 8, because I will grant an injunction there will be no removal of the second state case. If plaintiff should file a new state case, defendants can apply to the Court for further injunctive relief.

plaintiff have addressed the bond requirement and plaintiff has not shown that he will suffer a financial loss as a result of the injunction which defendants seek. Accordingly, I will require defendants to post a nominal bond of $100 before the preliminary injunction will issue.

### III. Sanctions

Defendants seek sanctions against plaintiff pursuant to 28 U.S.C. § 1927, Local Rule 83.6.1 of the U.S. District Court for the Eastern District of Pennsylvania, and the Court's inherent power to sanction. Dkt. No. 33-1 at ECF p. 4. Section 1927 permits the Court to require an attorney to pay fees and costs if he or she "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Local Rule 83.6.1 provides that "[n]o attorney . . . shall present to the Court vexatious motions" and that any attorney who "so multipl[ies] the proceedings in a case as to increase unreasonably and vexatiously the costs thereof . . . may be disciplined as the Court shall deem just." Local R. 83.6.1(b), (c). The Court also has an inherent power to sanction in cases where parties have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (citation omitted). An award of sanctions "will usually require a finding of bad faith." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 181 (3d Cir. 2002).

Defendants argue that plaintiff's motion seeking voluntary dismissal of his complaint is worthy of sanctions as "blatant forum shopping" and as "a transparent attempt to circumvent the Court's October 19 Order and be afforded a second bite at the apple." Dkt. No. 33-1 at ECF p. 7 (internal quotation omitted). Plaintiff counters that he has not acted unreasonably or in bad faith in seeking to voluntarily dismiss his complaint without prejudice. Dkt. No. 37 at ECF p. 9. He argues that his "request for leave to voluntarily dismiss is legally and substantively different in

kind than his earlier request for remand . . . " and asserts that the motion has "substantial merit." Id. at ECF p. 10-11.

Although I will not grant plaintiff's motion to voluntarily withdraw his complaint without prejudice, defendants have not shown that the motion was made in bad faith or that the motion unreasonably or vexatiously multiplied the proceedings in this case. Accordingly, I will deny defendants' motion for sanctions.

An appropriate Order follows.